**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ERIC FLORES, ET AL., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-11-CV-199-XR |
| | § | |
| UNITED STATES ATTORNEY | § | |
| GENERAL, SIERRA MEDICAL CENTER, | § | |
| and SECRETARY OF THE UNITED | § | |
| STATES DEPARTMENT OF HEALTH | § | |
| AND HUMAN SERVICES, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

On this date, the Court considered the United State Magistrate Judge's Report and Recommendation in this case (Docket Entry No. 4). After due consideration, the Court will ACCEPT the Magistrate Judge's recommendation, DENY Plaintiff's motion for leave to proceed IFP (Docket Entry No. 1), DISMISS Plaintiff's motion for appointment of a qualified expert (Docket Entry No. 3), and DISMISS this case.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed to Plaintiff Eric Flores by certified mail on March 17, 2011 (Docket No. 6), but no objections have been filed. Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made.").

Judge Mathy concluded that Flores' motion for leave to proceed IFP should be denied. Although Flores purports to represent ten plaintiffs, he has submitted no basis by which to conclude that any of the other plaintiffs satisfy the financial requirements to be qualified to proceed IFP.[1] Furthermore, she noted that there is no indication that any of these plaintiffs have asked for leave to proceed IFP, Flores has not demonstrated that his is a licensed attorney authorized to represent others, and no listed plaintiff has signed the complaint or otherwise indicated they intended to become a plaintiff in the case.[2] Finally, the proposed complaint does not clearly state a non-frivolous claim for relief.[3] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 570-72, 127 S.Ct. 1955, 1974 (2007). Judge Mathy also recommended that Flores' motion to request appointment of a qualified expert be dismissed, and that the case be dismissed and closed.

Judge Mathy also noted that the District Clerk's records indicate that several complaints filed by Flores in the past have been dismissed as frivolous, and that Flores was sanctioned by a District Judge in the El Paso Division on August 9, 2010, ordered to pay $100.00, and barred from filing any further complaints, petitions, or other documents in the El Paso Division without paying the fine and obtaining a District Judge's permission to proceed.[4] Then on September 29, 2010, another District

---

[1]Report and Recommendation 12, Mar. 16, 2011 (Docket Entry No. 4).

[2]*Id.* at 13.

[3]*Id.*

[4]*Id.* at 14; *Flores v. Wiles*, Case No. EP-10-CA-258-KC, Memorandum Opinion and Order, Aug. 9, 2010 (Docket Entry No. 4).

Judge in the El Paso Division dismissed two cases filed by Flores, prohibited him from approaching the Clerk of Court to submit court filings, prohibited him from making any communication with the Court or the Clerk's Office that is not in writing, required him to be escorted by a Court Security Office whenever in the courthouse, and again warned Flores that no filings would be "received" until he paid the outstanding $100.00 sanction and received the permission of a District Judge to proceed.[5] Noting that in this case, Flores appears to be trying to circumvent the orders of El Paso Division, Judge Mathy recommended that this Court implement similar limitations on Flores' ability to file documents in this Court and move about the courthouse, and warn Flores that he may be sanctioned for filing frivolous complaints, petitions, or other documents.[6]

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). Accordingly, the Court ACCEPTS the Magistrate Judge's Recommendation, DENIES Plaintiff's motion to proceed IFP (Docket Entry No. 1), DENIES Plaintiff's motion to request appointment of a qualified expert (Docket Entry No. 3), and DISMISSES this case.

The Court also ORDERS that Flores is prohibited from approaching the San Antonio Division Clerk of Court's counter to submit court filings, that all of Flores' communications with the San Antonio Division Clerk's Office be presented in writing, that all written communication with the Court regarding matters before the Court in the San Antonio Division be submitted to the San

---

[5]Report and Recommendation at 15; *Flores et al v Attorney General for the State of Texas*, Case No. EP-10-CA-65-PRM, Memorandum Opinion and Order, Sep. 29, 2010 (Docket Entry No. 5); *Flores v. United States Attorney General et al*, Case No. EP-10-CA-256-PRM, Memorandum Opinion and Order, Sep. 29, 2010 (Docket Entry No. 10).

[6]Report and Recommendation at 16.

Antonio Division Clerk's Office. The Court further ORDERS that Flores may file a document only by mailing the document to the San Antonio Division Clerk's Office using a commercial delivery service or by delivering the document to a Court Security Officer stationed at the front door of the United States courthouse. If Flores wishes to view any document filed in the public records maintained by the San Antonio Division Clerk's Office, he must submit a request in writing, either by mail or by delivery to a Court Security Officer at the door of the courthouse, after which the Clerk's Office will prepare a response, gather the requested documents if necessary, and mail the items to Flores or make them available to be retrieved from a Court Security Officer stationed at the door of the courthouse.

Finally, the Court ORDERS that Flores may only enter or be present in the United States courthouse in San Antonio if he is escorted by a deputy United States Marshal or a Court Security Officer.

The Clerk is directed to close this case.

It is so ORDERED.

SIGNED this 19th day of April, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE